```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:14-00034

**DAVID BURGESS**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On May 11, 2017, the United States of America appeared by C. Haley Bunn, Assistant United States Attorney, and the defendant, David Burgess, appeared in person and by his counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer M. Dylan Shaffer. The defendant commenced a three-year term of supervised release in this action on October 31, 2016, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on September 19, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant committed the offenses of fleeing in a vehicle and transferring/receiving a stolen vehicle on or about February 11, 2017, as evidenced by his stipulation on the record of the hearing that the government possesses sufficient proof to prove the offenses by a preponderance of the evidence; (2) the defendant failed to submit a monthly report for January 2017; (3) the defendant failed to notify the probation officer at least ten days prior to any change in residence inasmuch as on January 24, 2017, the probation officer attempted to contact him at his address of record, but was informed by the defendant's aunt that he had not resided there since he was released from custody and she did not know where he was residing; (4) the defendant used and possessed controlled substances as evidenced by his admission to the probation officer on December 15, 2016, that he had consumed marijuana on December 10, 2016, and heroin on December 12, 2016; his admission to the probation officer on December 28, 2016, that he had consumed heroin on December 24, 2016, and that he consumed marijuana approximately two weeks prior; a urine specimen submitted by him on January 9, 2017, for

2

opiates, marijuana and methamphetamine, the defendant having admitted to the probation officer that he had consumed heroin on January 7, 2017[1]; (5) the defendant failed to attend substance abuse counseling and treatment as instructed by the probation officer; and (6) the defendant failed to report for drug screens on January 10 and 25, 2017; all as admitted by the defendant on the record of the hearing with the exception of (1) as noted above and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to

---

[1] The defendant denied having used methamphetamine. The urine specimen was submitted to Alere Toxicology for confirmation and was confirmed positive for amphetamine, methamphetamine, marijuana, codeine and morphine.

the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of NINE (9) MONTHS, to be followed by a term of twenty-seven (27) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he spend a period of six (6) months in a community confinement center, preferably Dismas Charities, where he shall follow the rules and regulations of the facility and participate to the maximum extent feasible in drug abuse counseling and treatment.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: May 12, 2017

_____
John T. Copenhaver, Jr.
United States District Judge